City of Newport
vs.
Charles P. Sisson, } Eq. No. 2240.
Attorney General

January 6, 1931.

POULIOT, J. This is a bill in equity brought by the City of Newport against Charles P. Sisson, Attorney General, for authority to sell the "Parish School House" located in Newport and apply the proceeds cy pres and was heard on bill and answers of the several respondents.

By deed dated September 19, 1863, and recorded September 22, 1863, in Volume 37, pages 523 and 524 of the Land Evidence Records of Newport, Margaret Kernochan Parish "for and in consideration of the regard which I have for the children now residing in that part of the City of Newport which was formerly known as "Coggeshall's Neck" and for the children which may hereafter reside upon the said territory, and the desire which I have that they should be brought up and be instructed in principles of knowledge and virtue and be fitted for lives of usefulness." etc., conveyed a lot of land to the City of Newport in the following language: "do dedicate, quitclaim and convey * * * the use, occupation and improvement forever of the said school house and the land upon which the same is located * * *

to have and to hold the same * * * for the uses and purposes of a public school forever, trusting and hoping that the school erected and established at this place will always be the subject of vigilant care and continuous solicitude upon the part of the school officers of the said City of Newport so that my intentions herein expressed may be carried into full effect." (Complainant's Exhibit A.)

On September 28, 1863, the Board of Aldermen and the Common Council of the City of Newport met in special session and accepted the "donation to the city for education purposes." (Complainant's Exhibit B.)

The school, a small one room building in poor condition (Complainant's Exhibit D), has not been used for school purposes for a number of years, the school children of that section of the city being accommodated by the Lenthal School at Perry and Spring Streets and by the Carey School on Carey Street. The school committee voted the discontinuance of the Parish School on December 3, 1928, it being "no longer useful for school purposes."

The complainant adopts the view that the conveyance by Margaret Kernochan Parish to the City of Newport is a charitable trust of a general charitable nature and does not show a desire to effectuate a particular purpose, while the respondents Casey and Murray advance the view that the conveyance is not a charitable trust but is a dedication.

"A dedication is a contribution of land by the owner for the use of the public."

18 Corpus Juris, 38, and authorities cited.

And it is very generally held that the owner of an equitable estate may make a dedication which will be effective.

McCloskey vs. Pacific Coast Co., 160 Fed. 794.

Dedications of schools for educa-

tional purposes, although not very common, are generally recognized.

> Klinkener vs. School Directors, 11 Pa. St. 444.

In order that dedication be effective, it must not only appear that the owner intended to set off his property to public use but an acceptance to the offer by some authority representing the public use must have been made.

> Rose vs. Elizabeth Town, 276 Ill 167.

Viewed in the light of the above authorities, this Court is of the opinion that the evidence in the case at bar shows a dedication by Margaret Kernochan Parish to the City of Newport of the Parish School lot. The intention of the donor is clearly expressed in the deed: "dedicate, quitclaim and convey," and the subsequent act of the Newport municipal authorities in meeting specially to accept the offer indicates that the transaction was at that time considered as being dedication. Here we have the two elements required for a dedication: the offer by the donor and the acceptance of the offer by the donee.

The Court does not deem this matter to be one for the application of the cy pres doctrine as prayed for by complainant.

Complainant's bill is therefore dismissed.

Jeremiah A. Sullivan—for the complainant.

Sigmund W. Fischer, Jr.—for the respondent.